```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION
```

```
KENNY SAM PIERCE,                :
                                 :
    Plaintiff,                   :
                                 :
vs.                              :   CIVIL ACTION 11-0214-CG-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of Social Security, :
                                 :
    Defendant.                   :
```

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 20), and Defendant's Notice of Intent not to Object to Plaintiff's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 22). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After consideration of the pertinent pleadings, it is recommended that the Motion be granted and that Plaintiff be awarded an EAJA attorney's fee in the amount of $2,062.50, payable to Plaintiff (Doc. 20).

Plaintiff filed this action on April 29, 2011 (Doc. 1). On November 9, 2011, the Undersigned Judge entered a Report and

1


Recommendation which recommended that the decision of the Commissioner be reversed and that this action be remanded for further proceedings (Doc. 17).  On November 28, 2011, United States District Judge Granade adopted that Report and Recommendation as the opinion of the court and judgment was entered accordingly (Docs. 18-29).

On February 21, 2012, Quinn E. Brock, Counsel for Plaintiff, filed this Application in which he requested a fee of $2,062.50, computed at an hourly rate of $125.00 for 16.5 hours spent in this Court (Doc. 20).  Defendant does not oppose an award of attorney's fees under EAJA for the amount requested at the hourly rate requested (Doc. 22).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after

it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified.

The Court finds that these three statutory conditions have been met. Though Defendant does not concede the third requirement (Doc. 22, pp. 1-2), the Court finds, after reconsideration of the reasoning given in the Memorandum Opinion and Order (Doc. 17), that the Government's position was not substantially justified.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*,

765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private section, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  *Norman v. Housing Authority*, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Attorneys' Application and supporting documentation, finds that Plaintiff's Counsel's time expended in prosecuting this action for a total of 16.5 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).  Plaintiff's 16.5 hours, paid at an hourly rate of $125.00, equals $2,062.50.

The Court notes that accompanying the application for Attorney's Fees is a Contract for Employment between Pierce and Brock wherein EAJA fees are to be paid to Brock (Doc. 20).  The Government argues that payment should only go to the Plaintiff (Doc. 22, p. 2).

As noted earlier, EAJA allows a Court to make an "*award to*

5

*a prevailing party.*"  28 U.S.C. § 2412(d)(1)(A).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.

In this action, Pierce has specifically assigned any EAJA award to Brock (Doc. 20, Exhibit 3, § V).  However, under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Pierce and not to his Attorney.

In conclusion, it is recommended that Plaintiff's Application be granted as set out above and that Plaintiff be awarded an EAJA Attorney's fee in the amount of $2,062.50, payable to Plaintiff.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        DONE this 20th day of March, 2012.


                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE