IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNY SAM PIERCE, :
　　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　　:
vs. 　　　　　　　　　　　　　　　　: 　CIVIL ACTION 11-0214-CG-M
　　　　　　　　　　　　　　　　　　　　:
CAROLYN W. COLVIN, :
Commission of Social Security,[1] :
　　　　　　　　　　　　　　　　　　　　:
　　　Defendant. :

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's Attorney's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26). Though more than one month has passed since the Petition was filed, the Defendant has not filed any response.

After consideration of all pertinent materials in the file, it is recommended that Plaintiff's Attorney's Petition be granted (Doc. 26) and that Plaintiff's Attorney, Quinn E. Brock, be awarded a fee of $14,124.50 for his services before this Court.

Plaintiff, Kenny Sam Pierce, hired Quinn E. Brock on January 5, 2007 to pursue his claims for disability insurance

---

[1]Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin is substituted for Michael J. Astrue as Defendant in this action. No

1

benefits and Supplemental Security Income before the Social Security Administration (hereinafter *SSA*) (Doc. 26, Exhibit C, p. 1). On April 28, 2011, Plaintiff executed a written contingent fee agreement through which Brock would receive 25% of past due benefits received by Pierce (Doc. 26, Exhibit C, p. 2, § II).

For the past nine years and eight months, Counsel has prosecuted Pierce's claims before both the Social Security Administration (hereinafter *SSA*) and this Court, commencing a civil action here on April 29, 2011 (Doc. 1). On November 9, 2011, the undersigned entered a Report and Recommendation, pursuant to Respondent's Motion to Remand, in which the decision of the Administrative Law Judge (hereinafter *ALJ*) was reversed and this action remanded for further administrative proceedings (Docs. 16, 17). On November 28, 2011, United States District Judge Granade adopted that Report and Recommendation as the opinion of the Court and entered judgment (Docs. 19-20).

On remand, the ALJ rendered a fully favorable decision on May 22, 2014, finding Plaintiff disabled and entitled to disability benefits since December 16, 2003 (*see* Doc. 26, ¶ 7).

On July 16, 2016, Plaintiff's Counsel received a Notice of

---

further action needs to be taken as a result of this substitution. 42 U.S.C. § 405(g).

Award from the SSA, stating that the amount of $14,124.50, representing twenty-five percent of Plaintiff's past-due benefits, had been withheld for payment of authorized attorney fees (Doc. 26, Exhibit H). The letter acknowledged that Brock had already received $6,000.00 in administrative attorney fees and that these two amounts, together, equaled twenty-five percent of Plaintiff's past-due benefits (*id.*; *see also* Doc. 26, Exhibit E).

On August 5, 2016, Brock filed the pending Motion, requesting approval of a fee in the amount of $14,124.50 (Doc. 26). Since filing this action on April 29, 2011, Counsel has spent approximately fourteen hours[2] representing Pierce before this Court without compensation (Doc. 26, Exhibit B).[3]

The Social Security Act provides that when a court renders a favorable judgment to a Social Security claimant "who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The fee

---

[2] Plaintiff's Attorney has provided a computation for all work done in this case, including time that pre- and post-dated work done in this Court. The Court has guesstimated that approximately fourteen of the sixty-four hour work total was done here.

[3] The requested fee amounts to more than $1008.00 per hour.

is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Thus, the Act "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citations omitted) (emphasis in original).

The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789, 805-07 (2002), concluded that Congress designed § 406(b) to monitor fee agreements between Social Security claimants and their counsel. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only boundaries made by Congress are that the fee cannot exceed twenty-five percent of the total disbursement and that the "fee sought [be] reasonable for the services rendered." *Id.*

The fee provided for in § 406(b) is in addition to that provided in § 406(a) that states that the Commissioner may award attorney's fees to a successful claimant's attorney for work performed before the SSA. Fees awarded pursuant to § 406(a) and

4

§ 406(b) are awarded in addition to any attorney's fee a claimant's attorney may receive pursuant to the Equal Access to Judgment Act (hereinafter *EAJA*), 28 U.S.C. § 2412, if the Commissioner's position before the Court was not "substantially justified." *Gisbrecht*, 535 U.S. at 796.  In order to avoid a double recovery, a claimant's attorney who is awarded attorney's fees under both § 406(b) and EAJA must refund the lesser amount to his or her client.  *Id.*

The *Gisbrecht* Court did not set out the specific facts that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement.  It did, however, point to the following factors which may be considered in reviewing for reasonableness:  (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement; and (6) a requirement that the requested fee does not exceed twenty-five percent of past-due benefits.  *See Gisbrecht*, 535 U.S. at 808. A decision from the Second Circuit Court of Appeals further noted that "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the

5

amounts of the deductions." *Wells v. Sullivan*, 907 F.2d 367, 372 (2nd Cir. 1990).

After reviewing the fee petition and accompanying documents and the guidance provided by *Gisbrecht* and the opinions cited above, the Court finds that Brock has diligently represented Plaintiff since April 2011 in this Court and has been successful in obtaining past-due benefits for Plaintiff. There is no evidence that Brock contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement. The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his Attorney. While the requested fee is large, it cannot be considered a windfall or unreasonable. The Court finds that the requested fee of $14,124.50 is reasonable for the services rendered before this Court.

In a Report entered on March 20, 2012 (Doc. 23), the undersigned recommended that the Commissioner pay Plaintiff's Counsel $2,062.50 in fees pursuant to EAJA. On April 4, 2012, Judge Granade adopted that Report and Recommendation as the opinion of the Court and entered Judgment (Docs. 24-25). In the instant Motion, Brock provides evidence that he did not receive

the $2,062.50 as the amount was used to pay child support payments past due in Dallas County (Doc. 26, ¶ 5, and Exhibit D). Therefore, the Court finds that, under § 406(b), Brock is not subject to a dollar-for-dollar offset in this fee award as he did not receive the EAJA fee.

Therefore, it is recommended, without objection from Defendant, that Plaintiff's Attorney's Petition for Attorney's Fees be granted (Doc. 26) and that Plaintiff's Attorney be awarded a fee in the amount of $14,124.50 for his services before this Court.

DONE this 8th day of September, 2016.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE